IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR A. ACEVEDO-ORTIZ,<br><br>Defendant. | CRIMINAL NO.  12-817 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Omar A. Acevedo-Ortíz was charged in Counts One through Five of an Indictment and he agreed to plead guilty to all Counts of the Indictment. Count One charges that, on or about March 4, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, did knowingly and willfully steal and purloin $7,416.00 of goods and property of the United States, that is, a United States Treasury Refund issued by the Internal Revenue Service in connection with a fraudulent tax return filed in the name of C.T.S., in that the defendant, Omar A. Acevedo Ortíz, caused said Treasury Refund to be electronically deposited into a bank account he maintained at Cooperative de Ahorro y Credito de Arecibo, in order to steal the illegal proceeds of said refund, which were the lawful property of the United States.  All in violation of 18 U.S.C. § 641.

Count Two charges that, on or about March 20, 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, did knowingly and willfully steal and purloin $7,113.00 of goods and property of the United States, that is, a United States Treasury Refund issued by the Internal Revenue Service in connection with a fraudulent tax return filed in the name of C.T.S., in that the defendant, Omar A. Acevedo Ortíz, caused said Treasury Refund to be electronically deposited into a bank account he maintained at

United States of America v. Omar A. Acevedo-Ortiz
Criminal No. 12-817 (DRD)
Report and Recommendation
Page 2

---

Cooperative de Ahorro y Credito de Arecibo, in order to steal the illegal proceeds of said refund, which were the lawful property of the Untied States. All in violation of 18 U.S.C. § 641.

Count Three charges that, on or about February 8, 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, did knowingly and willfully steal and purloin $7,120.00 of goods and property of the United States, that is, a United States Treasury Refund issued by the Internal Revenue Service in connection with a fraudulent tax return filed in the name of Y.L.V., in that the defendant, Omar A. Acevedo Ortíz, caused said Treasury Refund to be electronically deposited into a bank account he maintained at Cooperativa de Ahorro y Credito de Arecibo, in order to steal the illegal proceeds of said check, which were the lawful property of the United States. All in violation of 18 U.S.C. § 641.

Count Four charges that, on or about February 18, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, did knowingly and willfully steal and purloin $8,076.00 of goods and property of the United States, that is, a United States Treasury Refund issued by the Internal Revenue Service in connection with a fraudulent tax return filed in the name of L.L.M., in that the defendant, Omar A. Acevedo Ortíz, caused said Treasury Refund to be electronically deposited into a bank account he maintained at Cooperativa de Ahorro y Credito de Arecibo, in order to steal the illegal proceeds of said refund, which were the lawful property of the United States. All in violation of 18 U.S.C. § 641.

Count Five charges that, on or about February 16, 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, did knowingly and willfully

steal and purloin $7,114.00 of goods and property of the United States, that is, a United States Treasury Refund issued by the Internal Revenue Service in connection with a fraudulent tax return filed in the name of L.L.M., in that the defendant, Omar A. Acevedo Ortíz, caused said Treasury Refund to be electronically deposited into a bank account he maintained at First Bank de Puerto Rico, in order to steal the illegal proceeds of said check, which were the lawful property of the United States.  Al in violation of 18 U.S.C. § 641.

On February 13, 2013, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One through Five of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One through Five, he was examined and verified as being correct that: he had consulted with his counsel Lara Castro-Ward, prior to the hearing for change of plea, that he was satisfied

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel Castro-Ward, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely

United States of America v. Omar A. Acevedo-Ortiz
Criminal No. 12-817 (DRD)
Report and Recommendation
Page 5

request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The maximum penalty for the offenses charged in Counts One through Five is a term of imprisonment up to ten (10) years, a fine not to exceed two hundred fifty thousand dollars ($250,000.00) and a term of supervised release of not more than three (3) years in addition to any term of incarceration.

Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, for a total of five hundred dollars ($500.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement in accordance with Rule 11(c)(1)(A) & (B)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One through Five, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized she explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page six, paragraph seven of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2B1.1(a)(2), the Base Offense Level is of Six (6). Pursuant to U.S.S.G. § 2B1.1(b)(1)(C), an increase of four (4) levels is agreed for parties stipulate the amount of loss is more than $10,000.00 but less than $30,000.00. Pursuant to U.S.S.G. § 3E1.1(a), a decrease of two (2) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Eight (8), yielding an imprisonment range of zero (0) to six (6) months if Criminal History Category I.

The parties do not stipulate as to any Criminal History Category for defendant.

The parties agree to recommend to the Honorable Court that the defendant be sentenced to a term of eighteen (18) months of probation.

The defendant agrees and concedes to the forfeiture allegation contained in the indictment and consequently agrees to forfeit to the United States the sum of $36,839.00 or substitute assets in absence of real or personal property derived from proceeds traceable to the offense committed.

The United States and the defendant agree that no further adjustment or departures to defendant's total offense level shall be sought by the parties. Moreover, the defendant agrees that he will not seek under any of the factors contained in Title 18, United States Code, Section 3553, a sentence more lenient than the one detailed in the previous paragraph, as the same is a reasonable sentence.

United States of America v. Omar A. Acevedo-Ortiz
Criminal No. 12-817 (DRD)
Report and Recommendation
Page 7

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Government's Version of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

United States of America v. Omar A. Acevedo-Ortiz
Criminal No. 12-817 (DRD)
Report and Recommendation
Page 8

      Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph nine (9) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

      Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One through Five was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One through Five of the Indictment in Criminal No. 12-817 (DRD).

      This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of

United States of America v. Omar A. Acevedo-Ortiz
Criminal No. 12-817 (DRD)
Report and Recommendation
Page 9

pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One through Five of the Indictment in Criminal No. 12-817 (DRD).

IT IS SO RECOMMENDED.

The sentencing hearing will be scheduled by Honorable Daniel R., Domínguez, District Judge.

San Juan, Puerto Rico, this 13th day of February of 2013.

                                     s/ CAMILLE L. VELEZ-RIVE
                                     CAMILLE L. VELEZ-RIVE
                                     UNITED STATES MAGISTRATE JUDGE